HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
ROBERTO CAVAZOS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERTO CAVAZOS,<br><br>    Defendant. | Case No. 1:20-cr-00240 JLT-SKO-8<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: Jennifer L. Thurston |

Defendant, ROBERTO CAVAZOS, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.  Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2.  The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Cavazos's total offense level is 29. Mr. Cavazos received 11 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 13, which placed Mr. Cavazos in criminal history category VI with a recommended guideline range of 151 - 188 months;

4. On April 22, 2022, this Court sentenced Mr. Cavazos to a term of 151 months imprisonment;

5. The sentencing range applicable to Mr. Cavazos was subsequently lowered by the status-point provision, which reduces his criminal history score to 12, lowering his criminal history category from VI to V, resulting in an amended advisory guideline range of 140 to 175 months;

6. Because Mr. Cavazos is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Cavazos's term of imprisonment to 140 months.

7. <u>United States' statement regarding its stipulation</u>[1]: The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 149; United States' sentencing memorandum, ECF No. 150; Statement of Reasons ("SOR"); Judgment, ECF No. 155; defendant's Bureau of Prisons ("BOP") disciplinary history, and after conferring with the prosecuting Assistant United States Attorney. Defendant was convicted of Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). His offense carries a 10-year statutory mandatory minimum term of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

This case arose from a wiretap investigation targeting the lead defendant, Pedro Delgado-

---

[1] This statement is provided by the United States in order to give the Court a brief summary the case history and relevant facts and is not part of the parties' stipulation.

Montenegro, who was a fugitive in Mexico and known drug supplier of the Porterville area for two decades. In October 2020, Defendant negotiated directly with Delgado-Montenegro to purchase one pound of methamphetamine from co-defendant Ana Valdez-Torres in exchange for $2,300, which was later seized from Defendant by law enforcement agents during a vehicle stop. At sentencing both the Probation Officer and the United States recommended a sentence at the low-end of the advisory guideline range because that sentence reflected the seriousness of the offense and appropriately accounted for other Section 3553(a) factors, including but not limited to, Defendant's criminal history that included multiple drug-related convictions since 2005 and Defendant's Norteño gang affiliation. *See* ECF No. 150. According to BOP records, as of June 25, 2024, Defendant has sustained three disciplinary incidents during his time in federal custody for this offense. Defendant was sanctioned for (1) use of methamphetamine and amphetamine on April 4, 2024; (2) possession of marijuana and methamphetamine on August 4, 2022; and (3) failure to stand count on June 26, 2022. Defendant's current projected release date is November 13, 2031.

Respectfully submitted,

Dated:  July 30, 2024

PHILLIP A. TALBERT
United States Attorney

 */s/ Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:  July 30, 2024

HEATHER E. WILLIAMS
Federal Defender

 */s/ Peggy Sasso*
PEGGY SASSO
First Assistant Defender
Attorney for Defendant
ROBERTO CAVAZOS

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Cavazos is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from VI to V, resulting in an amended guideline range of 140 to 175 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2022 is reduced to a term of 140 months.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Cavazos shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **July 31, 2024**                              _____
                                                        UNITED STATES DISTRICT JUDGE